ANSTEAD, Judge,
specially concurring:
A tire manufactured by Firestone blew out and an accident resulted. Firestone claimed that the blowout was caused by a prior improper repair of the tire. The appellants claimed that the blowout was caused by a defect in the tire unconnected with the repair, or alternatively, that Firestone had a duty to warn repairers not to make the type of repair involved. The trial court directed a verdict for Firestone on appellants’ claim that a warning should have been given. The jury returned a verdict for Firestone on the issue of whether the tire was defective. The primary issue on appeal involves the claim of the duty to warn about improper repairs.
No evidence was presented as to when, where, or by whom the tire was repaired. In essence, the only evidence presented on the warning issue was that some of Firestone’s personnel were aware that such repairs had been used by some automobile service stations in the past and that Firestone considered such repairs suitable only as temporary repairs. Assuming that there existed a valid cause of action against Firestone, I believe there was a complete absence of proof as to the causal connection between the lack of warning as to use of the temporary repairs and the accident involved herein. The jury would have had to have speculated as to a connection between the two absent evidence of the circumstances of the particular repair involved herein. Accordingly, I concur in the majority’s af-firmance of the trial court's action.